## Mary C. Tyler v. Mary C. Disbrow.

### *Consideration for a lease.*

In assumpsit the consideration of the contract is always open to inquiry.

When premises are rented with the distinct understanding that they are in good condition, that becomes part of the consideration.

Where the consideration of a lease fails, the lessee is justified in leaving and in refusing to pay farther rent.

A lessor who exacts covenants that the lessee has received the premises in good condition, and will so keep and return them, cannot, in assumpsit for unpaid rent, deny that their condition was a consideration for the lease.

Case made from Kent. Submitted January 28. Decided April 8.

ASSUMPSIT on a lease. Defendant had judgment.

*Stuart & Sweet* for plaintiff.

*G. Chase Godwin* and *C. C. Bonney* for defendant. The use of a house as a residence is the consideration for its lease, *Swimm v. Bush*, 23 Mich., 99; *Kidney v. Stoddard*, 7 Metc., 252; 2 Pars. on Cont., 777.

CAMPBELL, C. J. This was an action to recover the rent of a house in Chicago, during a period when it was not occupied. Mrs. Tyler, through an agent, procured a lease to be made from herself to Mrs. Disbrow for one year from May 1, 1873.

The defense was that there were defects in the sewerage, not discovered by the tenant at first, and afterwards unsuccessfully sought to be remedied by her, which made the house unhealthful and unfit for occupation as a residence. Defendant ultimately left the house, but plaintiff refused to accept the surrender.

The court below found for the defendant and found specially among other things that the premises were when leased in bad condition from defective sewerage, the pipes being too small to carry off the refuse matter, and the house being filled with foul smells and stench, and unhealthful and unfit for occupation as a residence.

This is an action of assumpsit, in which the consideration of the contract is always open to inquiry.

The condition of the authorities upon the responsibility of a landlord for the fitness of a house for habitation is not very satisfactory. But on this record we need not discuss those cases. There can be no doubt

whatever that when the landlord rents his house with a distinct understanding that it is in good condition, that becomes a part of the consideration.

In the present case there is a written lease signed by both parties in which the lessee is made to covenant that she "has received said demised premises in good order and condition," and will ultimately yield them up in as good condition,—unless prevented by casualty. She also is made to covenant that "she will keep said premises in a clean and healthy condition."

It is manifest from these covenants that the condition of the premises was a distinct consideration, and the lessor who signed the lease and accepted these covenants cannot now be heard to make any claim to the contrary. The effect of the assertion could not be stronger if the covenant had been made by the lessor instead of the lessee.

This consideration having failed, the lessee was justified in leaving, and in refusing to pay further rent.

The judgment below must be affirmed with costs.

The other Justices concurred.