63 331
91 466

63 331
120 436

————— ♦ —————

CHARLES F. YOUNG v. GEORGE F. COLLETT, ALLEN OLDS, AND CHARLES J. LEACH.

*Landlord and tenant—Construction of lease—Adaptability of building for purposes of lessee.*

1. Plaintiff leased the *upper* story of a building to an unincorporated lodge of Independent Order of Odd Fellows for the term of five years, defendants executing the lease as trustees of the society, and being thus described therein, which lease provided that the room was to be occupied for lodge purposes. After entering into possession it was found that the floor was not suitably deadened

for lodge purposes, and the room was surrendered to plaintiff, who removed the floor, thereby rendering it untenantable, and, as claimed by defendants and found by the jury, neglected to make the necessary changes within a *reasonable* time; whereupon the leased premises were surrendered to plaintiff, who brought suit to recover rent claimed to have accrued after such removal.

*Held,* that the Court will take knowledge that, in order to properly transact the secret work of the order, it is essential that the floor of the lodge-room should be properly *deadened,* when in a building where other business is carried on, which fact was understood by plaintiff, who recognized the defects in the floor and his duty to remedy same by his action in the premises.

*Held,* further, that his *neglect* to make such changes within a *reasonable* time, as found by the jury, was, under *all* the circumstances, an *eviction* of the lessee, and *prevents* a recovery in this suit.

2. When a landlord rents a building, and in the lease limits its use to a certain specified purpose, and the tenant agrees to do no more than keep the premises in as good repair as when taken, he thereby recommends the building to be *suitable* for the *purposes* of the lessee in its *then* condition, in the absence of contrary modifying clauses in the lease.

Error to Van Buren. (Mills, J.) Argued June 16, 1886. Decided October 28, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Annable & Fitch,* for appellant:

The addition of their official title could not relieve defendants of legal obligation under the lease: *Tilden v. Barnard,* 43 Mich. 376; *DeBian v. Gola,* 24 Am. Law Reg. 781, and note.

Even if plaintiff had supposed he was contracting with a corporation, when none in fact existed, defendants are liable: 1 Pars. Cont. 65; *Woodbury v. Blair,* 18 Iowa, 572; *Hurt v. Salisbury,* 55 Mo. 310; *Blakely v. Bennecke,* 59 Id. 193; *Heath v. Goslin,* 80 Id. 310; *Glenn v. Bergmann,* 20 Mo. App. 343.

No warranty of fitness can be implied from a mere statement in the lease of the purpose for which the property is rented: Taylor, Land. & Ten. §§ 382-3; 4 Wait, Act. & Def.

235; 2 Addison, Cont. (Morgan's ed.) §§ 696-7-8; 1 Chitty, Cont. 471; 3 Suth. Dam. 117, 126; *Cleves v. Willoughby,* 7 Hill, '83; *Doupe v. Genin,* 45 N. Y. 119; *Jaffe v. Harteau,* 56 Id. 398; *Bigelow v. Collamore,* 5 Cush. 226; *Dutton v. Gerrish,* 9 Id. 89; *Foster v. Peyser,* Id. 242; *Welles v. Castles,* 3 Gray, 323; *Clark v. Babcock,* 23 Mich. 164.

*O. N. Hilton* and *L. A. Tabor,* for defendants:

Leased premises are to be enjoyed by the tenant during his term, and, if deprived of such enjoyment, the obligation to pay rent ceases: *Christopher v. Austin,* 11 N. Y. 216; *Home Life Ins. Co. v. Sherman,* 46 Id. 370; *Lawrence v. French,* 25 Wend. 443; *Dyett v. Pendleton,* 8 Cowen, 727; *Fitchburg, etc., Corporation v. Melven,* 15 Mass. 268; Taylor, Land. & Ten. § 377; *Ludwell v. Newman,* 6 Term Rep. 458; *Marsh v. Butterworth,* 4 Mich. 575; *Day v. Watson,* 8 Id. 535.

SHERWOOD, J. This suit was brought by the plaintiff to recover the sum of $75 alleged to be due him as accrued and unpaid rent under a lease dated August 31, 1883, for the use of the upper story of a building in Hartford. The first paragraph of the lease reads as follows:

"It is hereby agreed between Charles F. Young, of Paw Paw, Van Buren county, State of Michigan, party of the first part, and George F. Collett, Allen Olds, and C. J. Leach, trustees of Charter Oak Lodge, No. 231, I. O. O. F., or their successors in office, parties of the second part," etc.

The lease bore the signatures of all the parties to the suit, and opposite the signatures of the defendants, at the foot of the lease, appear the words, "Trustees of Charter Oak Lodge, No. 231, I. O. O. F." The rental period was for five years, with rent at the rate of $100 per year, payable quarterly in advance; the defendants to keep the rooms in as good repair as when taken, damage by the elements and reasonable use and wear excepted. In the granting portion of the lease occurs the following language:

"For the term of five years from and after the first day of September, 1883, on the terms and conditions hereinafter mentioned, *to be occupied for lodge purposes,* and in no case

to be used for any business deemed extra hazardous on account of fire."

No other part of the lease requires any special mention.

Upon the trial of the cause the plaintiff proved the execution of the lease; the entry by the defendants upon the demised premises; the payment of rent under the lease to the first day of March, 1885; that $75 had afterwards, and before instituting suit, become due to him under the terms of the lease for rent, which still remained unpaid; and that, up to the time of the commencement of suit, Charter Oak Lodge, No. 231, I. O. O. F., had never been incorporated under the statutes of this State. No point was controverted by the defendants except the obligation of the defendants to pay rent after March 1, 1885.

By the first notice attached to their plea of the general issue, the defendants set up that the landlord entered upon the demised premises, took up the floor of the room, and committed other acts whereby they were damaged, which damages, so sustained, they gave notice that they would recoup. This defense was overruled by the circuit judge, who ordered all evidence upon the subject of damages to be stricken from the case.

By the second notice attached to their plea the defendants set up a similar entry by the landlord, followed by the eviction of the defendants. This theory was also repudiated by the circuit judge.

By a third notice under their plea, introduced by verbal amendment during the progress of the trial, the defendants set up, in substance, that the lease in suit should be construed in connection with a previous contract, by the terms of which the plaintiff was bound to construct the demised rooms in a specified way, which contract the plaintiff did not comply with so far as deadening the floor was concerned; that, being apprised of the fact that the floor was not deadened in accordance with such original contract, he entered

to put the same in the required condition, but, after having torn up a part of the floor, he did not repair the same, but left the room in an untenantable condition, thereby justifying the lodge in moving out and refusing to pay rent further. This defense was likewise ruled out by the circuit judge, who ordered all evidence relating to such preliminary agreement to be stricken from the case.

The defenses suggested by the defendants were thus successively determined by the trial judge to be unavailing.

The cause was tried before Judge Mills, by jury, and the defendants were allowed to prevail. The plaintiff brings error.

There was no claim of fraudulent misrepresentations in the case.

The association or society known as the Independent Order of Odd Fellows is a secret society, holds its meetings weekly, and does its work privately and in secret; and when its hall is in a building where other business is carried on, either above or below, the floors have to be properly deadened to prevent any communication being heard outside the room, and unless this is done it cannot be used for lodge purposes. These are facts of which we may take knowledge, inasmuch as they are known to all persons having rooms or halls to rent for such use, and the record in this case shows that the plaintiff understood full well these facts. With such knowledge, he rented the rooms to the defendants to be used for "lodge purposes," and he limited their occupation to such use solely.

It was of no consequence whether the lodge had a legal existence or not. As the use was designated, the floors of the rooms had to be deadened, as was well understood by the plaintiff; and, as soon as complaint was made that it was insufficiently done, he recognized his duty in the premises, and promised to remedy the defect. This he failed to do; and after the defendants had waited, as they claim, a rea-

sonable length of time for him to make the change, and the plaintiff still failing to perform his promise and make the same, they surrendered up the premises to the plaintiff, and removed therefrom.

The errors assigned all relate to the charge as given to the jury, or to the refusals to charge as requested by plaintiff's counsel. One of the requests was that, " under the evidence in this case, the plaintiff is entitled to recover the sum of seventy-five dollars." This was properly refused. The case was one for the jury upon the facts.

When a landlord rents a building, and in the lease, as in this case, limits its use to a certain specified purpose, and the tenant agrees to do no more than keep the same in as good repair as when taken, it is evident that the landlord recommends the building as suitable for that purpose in the condition it then is, if there are no modifying clauses to the contrary contained in the lease; and it should be so held; otherwise there would be no consideration for the tenant's agreement to pay rent. *Tyler v. Disbrow*, 40 Mich. 415; *Smith v. Marrable*, 11 Mees. & W. 5; *West Side Sav. Bank v. Newton*, 76 N. Y. 616; *Salisbury v. Marshal*, 4 Car. & P. 65.

The court charged the jury, in this case, that—

" The lease bound the plaintiff to furnish to the defendants a room suitable for occupancy for lodge purposes. The defendants claim that he did not do this. They say that the floor of the room which he did furnish was not so deadened as to permit them to perform their lodge work secretly, and therefore that the room was not suitable for occupancy for lodge purposes. They claim that they called the plaintiff's attention to the situation of the room in this respect, and they admit that he took some steps to endeavor to remedy the alleged defects.

" Now, your first duty will be to determine whether or not the room furnished by the plaintiff to the defendants was in suitable condition to be occupied as a lodge-room. If you find that it was in such condition from the evidence in the case, then it will be your duty to find a verdict for the plaint-

iff. If you find that the room was not in such condition, then your duty will be to determine whether the plaintiff proceeded within a reasonable time to put the room in condition to be occupied as a lodge-room, after it was ascertained that it was not in that condition.

"And what I mean by a reasonable time is this: Did he proceed, within a period of time necessary, under the circumstances, to do conveniently what the lease required of him? If you find, under all the circumstances of the case, that he did this, then the defendants were not justified in vacating the premises, and the plaintiff would be entitled to recover. On the other hand, if you find from all the evidence in the case that he did not proceed within a reasonable time to put the room in order, then they would be, under such circumstances, justified in vacating the premises, and under such circumstances the plaintiff would not be entitled to recover."

The foregoing charge, though brief, covers the two points upon which the jury had to pass, in a very clear and satisfactory manner. It is faultless. The defendants had given up the room to the plaintiff; he had taken up the floor, rendering the room thereby untenantable; and it was while in this situation the defendants were unable to get the landlord to make the needed change and repairs. This neglect to make the change and repairs necessary was, under all the circumstances, an eviction by the landlord.

We see no ground upon which the defendants can be made liable for the rent claimed, under this record, and the judgment must be affirmed.

The other Justices concurred.

63. MICH.—22.