CHARLES B. PIERCE v. JOHN H. JOLDERSMA AND COR-
NELIUS JOLDERSMA.

*Landlord and tenant—Covenant to repair—Liability for rent.*

Where a landlord expressly covenants to have the leased building in suitable condition for the tenants' business on the date they are to take possession, and to keep the premises in good repair, his failure to perform his covenant is a bar to an action for the collection of rent for the unexpired term of the lease, the tenants having, after repeated notices of such breach, vacated the leased premises; citing *Young v. Collett*, 63 Mich. 331; *Bostwick* v. *Losey*, 67 Id. 558; *Leonard v. Armstrong*, 73 Id. 577.

Error to Kent. (Adsit, J.) Submitted on briefs April 15, 1892. Decided May 6, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*D. E. Corbitt,* for appellant, contended as stated in the opinion, and cited:

Wood, Land. & Ten. §§ 381, 383; *Speckels v. Sax,* 1 E. D. Smith, 253; 3 Amer. & Eng. Cyc. Law, 909, and cases cited.

*Dunham & Rozema (Frank G. Holmes,* of counsel), for defendants.

LONG, J. This cause was tried before the court without a jury, and the following findings of fact and law made:

"1. That this action was brought to recover the rent of a store building, number 64 West Leonard street, in the city of Grand Rapids, during a period when it was not occupied by the defendants.

"2. That the plaintiff rented to defendants the premises in question for three years from and after the 1st day of April, 1891, at a rent of twenty dollars a month, and for the purposes of a furniture store and undertaking establishment. The lease was in writing, and, as one of the covenants, the plaintiff agreed to put the roof in good repair, and keep it so.

"3. That on the 1st day of April the defendants went into the possession of said premises with their furniture and undertaking business, and during the term they so occupied the same their goods were damaged by water falling on them through the defective roof on the building. The defendants occupied this building in this condition up to the 16th day of July, 1891, but paid the rent thereon up to August 1.

"4. That, soon after the defendants took possession of these premises, they discovered the leaky condition of the roof, and notified the plaintiff to repair the same, which he promised to do, but did not; that in the fore part of May they again notified him to repair the roof, and again on the 11th of June they pointed out to him the damaged mattresses caused by the leaky condition of the roof, yet, after these notifications, the plaintiff did not repair the roof prior to the time when the defendants moved from said premises, as hereinafter stated.

"5. That, on or about the 6th day of July thereafter, the defendants' stock was again damaged through this defective roof, and on July 11, the plaintiff having failed to repair said roof, defendants mailed to him a notice, of which the following is a copy:

"'To C. B. Pierce, Esq.:

"'Please take notice that from this day we no longer consider ourselves bound by the lease executed between yourself and us on the 1st day of April, 1891, and that we intend to leave the premises thereby leased to us, for the reason that you have failed to comply with the conditions of said lease to such an extent as to render the same unfit for our business.

"'JOLDERSMA BROS.'"

"The defendants inclosed a check with this notice for the rent up to the 1st of August, and after giving this notice, and on the 16th of July, they vacated said premises."

Judgment was entered in favor of the defendants for costs.

Plaintiff brings error.

The errors assigned are that the court was in error—

1. In finding that, because the roof leaked in the manner described by the undisputed testimony in the case, the consideration of the lease failed.

2. In finding that, under the testimony, the defendants were justified in leaving the premises, and that rent could not be collected thereafter.

3. In entering judgment for the defendants.

The testimony is returned with the record, and we think fully supports the findings of fact. The contention upon the part of plaintiff's counsel is, however, that, under the common-law rule, nothing short of an actual eviction from the premises by the landlord, or through his agency, or by title paramount, or a surrender of the premises by the tenant, and their acceptance by the landlord, will relieve the tenant from his liability for the rent for the full term; that, therefore, it follows that, even though the landlord covenants to repair the prem-

ises and keep them in repair, his failure to do so affords no bar to an action for rent.

It was found by the court below that the landlord, by express covenant, agreed that he would have his building in suitable condition for the tenants' business on April 1, the date they were to take possession, and that he would keep the premises in good repair; that he failed in both respects, after several notices to him by the lessees. We think, under the facts found, the case falls within the ruling of this Court in *Young v. Collett*, 63 Mich. 331; *Bostwick v. Losey*, 67 Id. 558; and *Leonard v. Armstrong*, 73 Id. 577.

The judgment must be affirmed, with costs.

The other Justices concurred.