FISHER *v.* NERGARARIAN.

112  327|
120  436

LANDLORD AND TENANT—CONDITIONAL RENEWAL OF LEASE—NO-
TICE OF TERMINATION OF TENANCY.

A tenant who holds over after the expiration of his lease,
under an agreement that his continuance in possession shall
be conditioned upon the landlord's making certain necessary
repairs, is at liberty to leave without notice to the landlord, if
the latter fails to carry out his agreement.

Error to Wayne; Frazer, J. Submitted January 6,
1897. Decided April 27, 1897.

*Assumpsit* by Maxwell M. Fisher against Hovhannes
G. Nergararian for rent. From a judgment for plaintiff
on verdict directed by the court, defendant brings error.
Reversed.

*Bowen, Douglas & Whiting*, for appellant.

*Charles Flowers*, for appellee.

MOORE, J. Plaintiff sued defendant in justice's court,
declaring in an action of *assumpsit* on all the common
counts, and especially on a lease, claiming damages $300.
Defendant pleaded the general issue. Judgment was
rendered in favor of the plaintiff. An appeal was taken
to the circuit court, where, by direction of the circuit
judge, the jury rendered a verdict in favor of the plain-
tiff. Defendant appeals.

The record shows that in 1891 the plaintiff leased a
store, which lease would expire April 30, 1893, unless re-
newed. It contained a provision for renewal. This lease
was assigned to the defendant by consent of plaintiff, and
he took possession. The rent provided by the lease was
$150 a month, payable in advance. It is the claim of
plaintiff that defendant renewed the lease for three years.

This is denied by the defendant, who claims that he had no knowledge of the condition of the store when he rented it; that he hired it for store purposes. He was engaged in the business of importing and selling oriental rugs, many of which were very valuable. It is his claim that the store leaked, that there was no cellar under the store, that the alley in the rear of the store was so high that the water during storms and periods of melting snow flooded the floor of the store, and that the result was to make the walls and floor so damp that it ruined his goods, and made the store so unhealthy that he and his brother were both sick, and that the store was untenantable. It was claimed that these things were called to the attention of the plaintiff, and that he agreed to remedy the trouble if the defendant remained after the expiration of the lease, and that he was to continue n possession only in case the repairs were made. iThere was no written extension of the lease, but defendant continued to occupy the premises until June 1, 1894, paying the rent up to and including the month of May, 1894. It was the claim of the defendant that the plaintiff kept promising to make the store tenantable, and that, relying upon his promise to do so, he remained until he became satisfied that the plaintiff did not mean to do as he agreed. All this was denied by the plaintiff, who claimed that the lease was renewed without any agreement about repairs. Defendant vacated the store June 1, 1894. Plaintiff sued him the same day. On the trial the defendant undertook to show the condition of the store, that the roof leaked, that the walls were damp, that the store was untenantable. This was objected to, and the objection sustained. The circuit judge charged the jury that the original lease had expired, and had not been renewed; that the defendant was a tenant at will, and, before he could leave the premises, he must give one month's notice to his landlord; that, as he had not done this, the jury were instructed to return a verdict for one month's rent and interest.

A number of assignments of error are discussed in the brief of counsel. If plaintiff's version of the transaction was true, he was entitled to recover the amount he did recover. If, on the other hand, the premises were untenantable when the lease expired, and there was to be no extension, except on the condition that plaintiff should make the repairs necessary to make the store tenantable, the defendant was entitled to have that condition carried out. *Leonard* v. *Armstrong*, 73 Mich. 577; *Pierce* v. *Joldersma*, 91 Mich. 463. This raised an issue of fact, which should have been submitted to the jury under proper instruction.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.