## LYNDER *v.* S. S. KRESGE COMPANY.

1. Landlord and Tenant—Breach of Covenant as to Repairs—Abandonment.

Deprivation of the beneficial use and enjoyment of leased premises as a result of the breach of the landlord's covenant to complete repairs may be sufficient to justify the abandonment of the premises by the tenant.

2. Same—Failure to Repair—Constructive Eviction—Abandonment.

Evidence supported trial court's finding that the failure of plaintiff landlord to remove open stairway to second floor from first floor and a vital part of its lease since it was used for warehouse purposes and defendant was unable to obtain burglary insurance with such stairway in place, and that such failure to repair constituted a constructive eviction justifying abandonment of the premises by the tenant.

3. Same—Failure to Repair—Constructive Eviction—Possession—Waiver.

Constructive eviction of defendant tenant was not waived by it by reason of occupancy for 23 months after failure of plaintiff landlord to make alterations and repairs as agreed, where it appears that during all of such period there was an existing conference and the tenant was led to believe that

---

References for Points in Headnotes

[1–5] 32 Am Jur, Landlord and Tenant, §§ 257, 511–517.
[1–5] Rights and remedies of tenant upon landlord's breach of covenant to repair. 28 ALR 1448; 116 ALR 1228.
[3, 4] 32 Am Jur, Landlord and Tenant, § 515.

the change would eventually be made and the lease did not give the tenant any right to make repairs.

4. SAME—ACTION FOR RENT—REMOVAL OF STAIRWAY—JUSTIFICATION FOR ABANDONMENT.

Testimony of conversation that open stairway leading from the first to the second floor would have to be changed or removed was properly admitted in landlord's action for rent after tenant had abandoned the premises, where lease provided that landlord would make such changes, since the testimony does not vary the terms of the lease and landlord's continued failure to make the change constituted justification for tenant's abandonment of the premises.

5. SAME—BREACH OF COVENANT JUSTIFYING ABANDONMENT OF PREMISES.

Breach of covenant of lease that plaintiff landlord would change or remove stairway leading from floor defendant was leasing for warehouse purposes to floor above was a material breach which justified tenant's abandonment of the premises, notwithstanding payment of rent for period of 23 months, under the circumstances.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 12, 1950. (Docket No. 14, Calendar No. 44,670.) Decided January 8, 1951.

Assumpsit in Common Pleas Court by Max Lynder and others against S. S. Kresge Company, a Michigan corporation, to recover rent due under lease. Judgment for plaintiffs. On appeal to circuit court, judgment was for defendant. Plaintiffs appeal. Affirmed.

*Shapero & Shapero,* for plaintiffs.

*Franklin D. Dougherty,* for defendant.

SHARPE, J. On February 26, 1947, defendant entered into a written lease with William H. Neu effective April 1, 1947, for a term of 5 years. Among other matters, the lease provided:

"Said premises shall be prepared for occupancy by the party of the first part by removing certain old partitions and installing certain new ones as per the approval of party of the second part, filling in of holes and stair well with good solid flooring, cleaning the floor, removing or changing rear stairway to the second floor, providing of separate toilet facilities for men and women, and placing plumbing, radiation, and wiring in good repair   *   *   *   to be occupied for storage, receiving and shipping purposes."

On June 11, 1947, defendant wrote Mr. Neu that it was essential to remove the rear stairway as soon as possible and on September 19, 1947, defendant again wrote Mr. Neu that the rear stairway must be removed and the opening closed off for the reason that under existing conditions it was impossible to get burglary insurance.  In reply to these notices Mr. Neu wrote defendant that he could not afford the expense of removing the stairway.  On May 7, 1948, plaintiffs purchased the property on a land contract.  At the time of the purchase, Mr. Neu turned over to plaintiffs the defendant's lease.  Prior to the purchase of the property by plaintiffs, they were advised that the rear stairway had not been removed as required by the lease and that if the objectionable conditions were not immediately remedied, defendant would terminate the lease.

In July, 1948, at defendant's request, plaintiffs installed an additional loading dock.  In December, 1948, defendant sought permission from plaintiffs to sublet the premises to the Major Toy Company who was a tenant in another portion of the building. This request was refused.

On February 25, 1949, defendant wrote plaintiffs a letter, a copy of which reads as follows:

"Enclosed are the keys to the premises located in the building known as 2600 22d street, Detroit, Mich-

igan, which premises were leased February 26, 1947, to the S. S. Kresge Company. Inasmuch as the lease has not been complied with, we are hereby terminating the lease and surrendering the premises to you."

On February 28, 1949, plaintiffs, through their attorney, made reply to the above letter as follows:

"Your letter dated February 25, 1949, addressed to Max Lynder *et al* has been referred to me for attention. As I advised you over the telephone, we do not know what you are referring to when you say that the lease has not been complied with, and we would appreciate advice from you in what respect you claim that Mr. Lynder has not complied with the lease dated February 26, 1947, to the S. S. Kresge Company.

"Please be further advised that we decline to accept any surrender of the premises or any termination of the lease. If the landlords have failed to comply with any term of the lease, of which you have a right to complain, the landlords stand ready to fulfill their obligations when we are advised as to what you claim such default consists of and the matter determined as to whether or not such claims on your part are well founded. We are therefore returning to you herewith the keys and hereby notify you that we will look to you to continue payment of rental under the terms of the lease and shall expect performance of such terms by you in accordance with the provisions of such lease."

After receipt of the above letter, defendant, through its agent A. E. Laufer, replied as follows:

"Harold M. Shapero,    re 2600 22d Street, Detroit, Michigan.

*"Dear Sir:*

"As your clients were previously advised, we consider our lease of the premises located in the building known as 2600–22d St., Detroit, Michigan, at an end, and notify you as representative of the owners

that possession is surrendered.    The keys are herewith returned.

"Our action is occasioned by the continued noncompliance with the conditions of the following clause in the lease, which has been brought to the attention of the owners on several occasions:

"'Said premises shall be prepared for occupancy by the party of the first part by removing certain old partitions and installing certain new ones as per the approval of the party of the second part, filling in of holes and stair well with good solid flooring, cleaning the floor, removing or changing rear stairway to the second floor, providing of separate toilet facilities for men and women, and placing plumbing, radiation, and wiring in good repair.'"

Defendant continued to pay rental for the premises including the February, 1949, rent and vacated the premises February 27, 1949.    During the month of March, 1949, plaintiffs began an action against defendant in the common pleas court of Detroit for the sum of $250 representing the rent claimed to be due for the month of March, 1949.    Plaintiffs had judgment and upon appeal the cause was tried in the circuit court of Wayne county without benefit of a jury.    On May 26, 1949, the trial court entered judgment in favor of defendant.

In an opinion filed in this cause, the trial court stated:

"It appears from the testimony here that the matter of the stairway was of importance to the defendant, which was using the space for warehouse purposes, having on hand sometimes as much as $100,000 worth of property.    The stairway gave the tenant on the second floor access to the premises. Prior to the entry of this tenant on the second floor there was no real complaint concerning that.    *    *    *

"I must conclude that the plaintiffs in this case had notice that the defendant was insisting upon his right to have the stairway removed.    It seems fair

to say, from this testimony, that they could not operate as a warehouse and have an open stairway from the second floor into their premises, nor could they obtain burglary insurance or necessary protection under such circumstances. The putting off of the request by the defendant was only a matter of grace. If plaintiffs in this case had refused at any time to countenance the claim of the defendant pertaining to the stairway, and defendant had continued to pay the rent thereafter, in my opinion, that would have constituted a waiver and estoppel. The parties here were operating on a friendly basis, they were seeking to get along under the lease.

"It appears that both by statutory requirement and by ordinance, that the stairway could either have been sealed off, or a separate entrance made to the outside.

"It appears from the proof here that Mr. Neu had assured Mr. Laufer that he would take care of the stairway situation as soon as he could; at least that situation was open continuously in dispute between the parties. At no time did the plaintiffs ever deny their responsibility under the lease. They relied on Mr. Neu's statement that a new contract had been made, and that the defendant had waived the provision concerning the stairway by the acceptance of additional space, at the time they moved in. All of the conditions in the lease were preparatory to the entry of the defendant into the premises. But I find no such innovation. The testimony equally discloses that Mr. Lynder was reminded again of the stairway situation in September of 1948.

"I do not find that plaintiffs have established any waiver of [or?] estoppel under the circumstances here presented, and I find that the lease is specific in its conditions concerning the principal complaint relative to the stairway. There was no ambiguity in the construction of the provision; there was no new agreement made between the parties here, and so there was no consideration for it."

Plaintiffs appeal and urge that if they breached the lease, such breach would not constitute a defense to their action for rent, as the change in the stairway was to be made before the tenant took possession and defendant, having taken possession without such change being made, cannot claim constructive eviction by reason of the failure to make the change in the stairway.

Plaintiffs rely on 28 ALR 1454, 1455, where the general rule is stated:

"An agreement to repair, even before the commencement of the term, is not to be construed to be mutual with the covenant to pay rent. * * * Where the landlord covenants to make repairs or improvements to the leased premises prior to the commencement of the term, and fails to do so, the tenant may refuse to accept the premises and thereby avoid liability for rent, but if he enters into possession he becomes liable for the rental, subject, however, to mitigation or reduction to the extent of the damage proximately resulting from the breach."

And *Kesner* v. *Truax*, 195 Ill App 285, where the court held: Where a tenant accepts possession notwithstanding a breach of the landlord's covenant to repair before commencement of the term, he cannot abandon the lease and refuse to pay rent.

It is also the rule in some jurisdictions that where possession is taken in reliance upon the landlord's promise to complete repairs, the tenant may abandon the premises when the landlord fails to make such repairs. See 28 ALR 1459. In *Gibbons* v. *Hoefeld*, 299 Ill 455 (132 NE 425), it was held that where possession of premises was taken in reliance upon the landlord's promise to complete repairs, the tenant may abandon the premises when the landlord fails in this regard.

In 28 ALR 1476 it is said:

"Deprivation of the beneficial use and enjoyment of the leased premises as a result of the breach has been held to be sufficient to justify the abandonment of the premises by the tenant."

See *O'Gorman* v. *Harby,* 18 Misc 228 (41 NYS 521); *Rogers* v. *Babcock,* 139 Mich 94; *Souza* v. *Joseph,* 22 Cal App 179 (133 P 981); *Lunn* v. *Gage,* 37 Ill 19 (87 Am Dec 233); *Pierce* v. *Joldersma,* 91 Mich 463; *Fisher* v. *Negararian,* 112 Mich 327.

The trial court found as a fact that the matter of the stairway was of importance to defendant as the condition of the stairway when defendant took possession of the premises permitted the tenant on the second floor to have access to the premises occupied by defendant, especially in view of the fact that the tenant was unable to obtain burglary insurance to cover merchandise stored in said building. We are in accord with the finding of fact of the trial judge that the failure of plaintiffs to make necessary repairs in connection with the stairway was important to defendant and a vital part of the lease.

It also appears that when defendant moved into the premises Mr. Neu knew the purpose for which the premises were leased and defendant was assured that the stairway would be taken care of as soon as possible. The record also shows that when plaintiff purchased the premises they also knew that defendant was insisting upon compliance with the terms of the lease insofar as the stairway was concerned. Under these circumstances we are of the opinion that there was a constructive eviction which justified the abandonment of the premises by the tenant.

Plaintiffs urge that the defense of constructive eviction was waived by continuance in possession for a period of 23 months after the alleged breach.

The trial court made the following finding of facts on this question:

"The mere payment of rent during this period of time would not constitute a waiver or an estoppel. The testimony discloses that all during the time there was an existing conference between the parties pertaining to the removal and changing of the stairway, and there was reason for the defendant to believe that the change would eventually be made or taken care of."

Plaintiffs rely upon *Richard Paul, Inc.,* v. *Union Improvement Co.,* 59 F Supp 252, where it was said:

"There was an obvious and flagrant breach of covenant according to plaintiff's (tenant's) own contention; hence, plaintiff was under a duty to inspect the premises at the time it accepted possession on June 1, 1942. By paying rent on that day it waived defendant's breach of covenant. Moreover, after breach became obvious even to plaintiff, it nevertheless paid rent on July 1, 1942. * * * We have, then, a situation where the tenant continues in possession and pays rent after the covenant is fully broken. In such a situation the breach is waived. *Meyers* v. *Johnson,* 186 Ill App 37; *Deuster* v. *Mittag,* 105 Wis 459 (81 NW 643). *Cf.* the converse situation in *Lofland* v. *Emory,* 2 Har (Del) 297."

In the above case the tenant moved into a leased building, paid rent although the landlord had failed to make repairs as agreed to. The tenant made the repairs and brought an action to recover for the cost of the repairs and loss of profits which it could reasonably have made if the facilities of the premises had been properly at his disposal. The court awarded plaintiff judgment for the cost of the repairs made. In the above case the repairs were to be made before the tenant occupied the premises. The court held that the tenant, by accepting possession and paying rent at commencement of term, waived the landlord's breach of covenant. In the

case at bar the tenant continuously sought the removal of the stairway and it was only when the tenant became convinced that the landlord did not intend to remove the stairway that it terminated the lease and surrendered the premises. In the *Richard Paul Case* there was no question of termination of lease involved.

In *Vincent* v. *Central City Loan & Investment Co.,* 45 Tex Civ App 36 (99 SW 428), the tenant remained in possession of the premises long after he discovered that the landlord had failed to make essential repairs as required by the lease, but this was done at the request of the landlord accompanied by promises of repair. It was there held that retention of possession of the premises did not constitute a waiver of the right to abandon the premises.

In 28 ALR 1483 it is said:

"Where, however, the tenant remained in possession of the leased premises long after he discovered that the landlord had failed to make essential repairs as required in the contract, but this was at the insistence and at the request of the landlord, accompanied by promises to repair, it did not constitute a waiver of the right to abandon the premises for the landlord's breach of his contract, which rendered the premises unfit for the purpose for which they were leased."

See, also, *Bostwick* v. *Losey,* 67 Mich 554; *Tyler* v. *Disbrow,* 40 Mich 415.

We are in accord with the rule announced in the *Vincent Case, supra.*

Plaintiffs also urge that where the cost of repairs is trivial, the tenant cannot abandon the lease, his remedy being to make the repairs and deduct the same from the rent.

The trial court in commenting on this issue stated:

"It is difficult to conclude that the plaintiffs in this case would have permitted the matter of the removal

of the stairway, the cost of which might entail about $100, to bring about the termination of the lease."

There is evidence from which the court could find as a fact that the cost of building a new stairway, made necessary in the event of the removal of the old stairway, was not trivial, but would amount to a substantial amount. Moreover, it should be noted that the lease involved in this case does not give defendant the right to make any repairs, but does provide that the premises shall be prepared for occupancy by the landlord.

Plaintiffs also allege error upon the part of the trial court in admitting the following testimony:

"Prior to the time the lease was executed, I had a conversation with Mr. Laufer as to what the Kresge Company wanted to lease the building for and use it for. At that time we mentioned this rear stairway. The conversation was just as it is in the lease, that there would have to be some changes made relative to that stairway, or removed."

The trial court in admitting the testimony stated:

"The lease provides for the removing or changing of the rear stairway to the second floor, so this is all explanatory to that."

The lease provides that plaintiffs were to remove or change the stairway. We do not think the above testimony violated the rule that oral testimony is not admissible to vary the terms of a written lease. We are in accord with the trial court in holding that plaintiffs breached the lease in refusing to remove or change the stairway; that the breach was material; and that such breach was not waived by defendant by paying rent under the circumstances of this case. In our opinion defendant had a right to terminate the lease and abandon the premises be-

cause of the failure of plaintiffs to remove or change the stairway.

The judgment is affirmed, with costs to defendant.

Reid, C. J., and Boyles, North, Dethmers, Carr, and Bushnell, JJ., concurred. Butzel, J., did not sit.