## SMITH and others vs. RUSS and others.

The fact that a dam has been maintained at a certain height for twenty years does not confer upon its owner a prescriptive right to maintain it at that height, and thereby flow lands which have not in fact been flowed for so long a period.

It was error for the court in such a case to instruct the jury that if the dam had been maintained at a uniform height and head for twenty years, and had not flowed the plaintiffs' lands for the first ten years of that time, and afterwards said lands were overflowed, the presumption would be that the flowage had been produced by other causes than the dam, and the defendants would not be liable.

Whether the subsequent flowage of the land, though not flowed during the first ten years, was caused by the maintenance of the dam, was a question of fact for the jury.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action commenced in January, 1861, to recover damages for the flowing of the plaintiffs' lands in consequence of the maintenance of a certain mill dam by the defendants between the 18th of June, 1857, and the commencement of the action. The defense was, that the dam was erected in 1837, and had been maintained for more than twenty years at the same height as during the time of such alleged flowage, and that the defendants had therefore acquired a prescriptive right

to maintain the same at that height. The answer also denied the allegation that the plaintiffs' lands were flowed in consequence of the erection and maintenance of said dam. On the trial, after the introduction of evidence to sustain the allegations of the pleadings on each side, the court refused to instruct the jury, at the request of the plaintiffs, as follows: "If you find that the dam of the defendants has caused damages to the plaintiffs' lands since June 17, 1858, the plaintiffs will be entitled to recover, although the lands may not have been so damaged at an earlier period, or during all the time since the first dam was erected." At the request of the defendants the court instructed the jury as follows: "If you believe that the defendants or their grantors constructed this dam and raised it to its present height in the fall of 1837, and that they have ever since maintained it at that height, as a dam, so as to stop the water substantially as at present, then your verdict must be for the defendants." After the jury had retired, they returned into court for further instructions, and the judge instructed them as follows: "If the dam of the defendants had been maintained at a uniform height and head for twenty years before the commencement of this suit, and had not flowed the plaintiffs' lands for the first ten years of that time, and afterwards said lands were overflowed, the presumption would be that the flowage had been produced by other causes than the dam, and the defendants would not be liable. Under such circumstances it would be left too much to conjecture to determine that the dam was the cause of the mischief."

Verdict and judgment for the defendants.

*Levi Hubbell*, for appellants:

To make out a prescriptive right to flow the plaintiffs' lands, the defendants must show an adverse possession—a continuous, actual occupancy by flowing, caused by their dam, for twenty years. *Jackson v. Schoonmaker*, 2 Johns., 234; *Gayetty v. Bethune*, 14 Mass., 52-3; Ang. & A. on Water Courses, secs. 208-221. The defendants mistook the use and occupancy of

their own dam, on their own land, for the use and occupancy of the plaintiffs' lands. *Stiles v. Hooker*, 7 Cow., 268; *Baldwin v. Calkins*, 10 Wend., 166; *Arnold v. Stevens*, 24 Pick., 106; *Hammond v. Zehner*, 21 N. Y., 118; Angell & A. on Water Courses, chap. 6; *Parker v. Foote*, 19 Wend., 319; 32 Pa. St., 40–46; 2 Brod. & Bing., 667. The court erred in instructing the jury that if the dam had been maintained at the same height and head for the first ten years after its erection, without flowing the plaintiffs' lands, the presumption would be that the subsequent flowage was not caused by the dam. There is no such presumption of law; but the question was one of fact, to be decided by the jury upon the evidence. *Campbell v. Wilson*, 3 East, 294; Ang. & A. on W. C., secs. 217–220; 3 Bouvier's Leg. Inst., secs. 3063, 3067.

*Cary & Pratt*, for respondents:

1. The quiet, peaceable and uninterrupted enjoyment of the dam, at a given height and head, for twenty years prior to the beginning of this action, was presumptive evidence of the defendants' right to maintain it. *Rooker v. Perkins*, 14 Wis., 79; *Bealey v. Shaw*, 6 East, 208, *Balston v. Bensted*, 1 Campb., 463; *Tyler v. Wilkinson*, 4 Mason, 402; 2 Greenl. Ev., § 539; Ang. on W. C., secs. 203 et seq. 2. Water, being subject to fixed and certain laws, does not for ten years exhibit certain results from a given cause. Subsequently these results are produced. We submit that these facts not only raise a presumption but are conclusive evidence that these results were not the effects of that cause, but of some other. Ang. on W. C., secs. 372–387.

*By the Court*, DIXON, C. J. It is obvious that the statute of limitation did not begin to run upon the plaintiffs' claim until their lands were flowed. Before that they had no action; and it was wholly immaterial whether the dam had been built a long or a short time, except so far as it affected the question whether the backwater was caused by the dam, or by some

other obstructions of the natural flow of the stream, not connected with the dam, which was a question of fact to be determined by the jury according as they should find from the evidence. The court was therefore wrong in giving the instruction asked by the defendants, and also in the charge to the jury upon their return into court for further advice. The instruction asked by the plaintiffs seems to have been too broad. It excluded the idea of a prescriptive right in the defendants in case the jury had found that the lands had been flowed for a period of twenty years before the commencement of the action.

Judgment reversed, and a new trial awarded.