MURRAY, Respondent, vs. SCRIBNER, Appellant.

*September 30 — October 15, 1889.*

MILLS AND MILL DAMS: FLOWAGE OF LAND. *(1, 2) Limitation of action: Pleading: Amendment. (3, 4) Special verdict: Inconsistency: Height of dam and flowage: Instructions to jury. (5) Evidence: Relevancy.*

1. In an action for damages for the flowage of land by a mill dam, an answer alleging that neither the dam nor the pond thereof had been changed in height or head within the ten years next preceding the commencement of the action,— but not alleging that the actual flowage of the plaintiff's land had not been increased,— does not set up the defense of a right acquired by prescription or the limitation of the action, under sec. 4221, R. S.

2. But where the evidence, admitted without objection, tended to prove that the flowage had not been increased, such an answer may be treated as amended to conform to the facts proved.

3. A finding that the dam and pond had been maintained at the same height for more than ten years is not inconsistent with findings that the plaintiff's land had been flowed by reason of the dam within the ten years, but had not been continuously flowed thereby during said period.

4. The question submitted for a special verdict, as to the continuous flowage of the land, did not contain the qualification, "except when prevented by casualty, leakage, evaporation, and use of the water for the mill." But the court charged the jury to consider these exceptions in answering the question, and explained that they would not break the continuity. *Held*, sufficient.

5. Testimony in relation to the height of the water in the stream before the present dam was built and more than ten years before the action was commenced, the effect upon other lands in the vicinity, and the record title showing the lawful height of the dam, *held* relevant to the issue.

APPEAL from the Circuit Court for *Green Lake* County.

The facts are stated in the opinion. The dam in question was built in 1856 on the site of an old dam which had been built in 1847. The action was commenced in July, 1882. The defendant appeals from a judgment in favor of the plaintiff.

*Charles E. Shepard,* for the appellant.

*Geo. P. Knowles,* for the respondent.

ORTON, J. This is an action under the statute, or mill dam act, to recover the damages to the plaintiff's lands caused by the mill dam of the defendant, located across the west branch of the Fond du Lac river, below said lands. The complaint is in the ordinary form. The answer first denies the title of the plaintiff to the lands in question, and that the same have been flowed or injured by means of said dam. The answer and amended answer then set up, substantially, that neither the dam, nor the water therein, nor the pond thereof, has been changed in height or head within the last ten years preceding the commencement of the suit, and that they have been kept and maintained at the same height continuously during said ten years. This last part of the answer raises the first question, and the one on which hinges other important questions in the case.

The contention of the learned counsel of the respondent is that this part of the answer does not set up the statute of limitations of ten years, and the learned counsel of the appellant contends that it is a sufficient pleading of the statute of limitations, or of prescription, or adverse possession, or user, or whatever it may be called, of ten years,

and, if proved, would defeat the action. It is quite imma-
terial whether this defense, or pretended defense, is called
limitation, prescription or adverse user. These terms may
be used interchangeably, for they mean substantially the
same thing when applied to an easement of water in the
land of another. Prescription properly applies only to in-
corporeal hereditaments, and is of the same length of time
as limitation by statute, and adverse user is the same. It
is not worth while to spend any time on distinctions that
do not exist. The statute of limitations is: " An action for
the recovery of damages for flowing lands, when such lands
have been flowed by reason of the construction or mainte-
nance of any mill-dam," must be commenced within ten
years. Sec. 4221, R. S.

Whether the end of this period of limitation will confer
a right on the adverse party the same as prescription, is
also immaterial. One indispensable element must exist in
both. The easement or use must be of the land of another
or adverse party. The owner cannot acquire such right or
protection in or over his own land. In this case the de-
fendant seeks to acquire the right to flow or injure, by his
mill dam, the land of the plaintiff, or to defeat his recovery.
The answer would set up prescription or the statute of lim-
itations by averring that his own dam or pond on his own
land had been kept, maintained, or enjoyed by him pre-
cisely in the same way for ten years before the commence-
ment of the action. This does not relate in any way to the
land of the plaintiff, or that part of it so flowed and in-
jured. The defendant has kept his dam at the same height,
and head, and capacity to hold the water, for ten years.
Does that give him his right to his dam or water power?
By no means. He had the right before, irrespective of the
flowage of the plaintiff's land. Prescription or the statute
of limitation in such a case lies upon the *actual flowage* or
use of the plaintiff's land, and not upon the defendant's

dam or pond; but, when he commences to flow the land of the plaintiff by means of his dam, he has invaded a right that he may acquire by prescription or defeat by limitation of a sufficient length of time. The question is not how long the dam or pond has been kept, maintained, or enjoyed, but how long he has flowed the land of the plaintiff by means of his dam or pond. Concerning this only material question, the answer is entirely silent, and it therefore sets up no defense to the action by the statute of limitation or by prescription.

But we do not think that the defendant has therefore lost the benefit of that defense, as contended by the learned counsel of the respondent. There was considerable testimony in the case that had a direct bearing upon that question, and which was received without objection, and the court presented the question to the jury as a part of their special verdict, and instructed the jury thereon, and the jury answered such question. The answer to the complaint should therefore stand as amended in that respect, " by conforming it to the facts proved." Sec. 2830, R. S. The facts set up in the answer, of the length of time the dam and pond had been maintained at the same height and head, may be evidence having a bearing on the question of how long the lands of the plaintiff had been flowed thereby, although in themselves they constituted no defense; and the same facts in the testimony, and in the findings of the jury, may have the same bearing upon the question, but they are by no means conclusive of it.

These observations seemed to be necessary in explanation of the special findings of the jury, and before considering the exceptions of the appellant relating to the same question.

The questions propounded to the jury in this case, and often in other cases, are twofold. Some of them relate to isolated facts proved, which have a bearing upon the issues

merely, and others relate to issuable facts, or such as are conclusive of the issue. In the former class fall the tenth, eleventh, twelfth, and several other findings of the jury. They are substantially, and without any material difference, that the defendant's dam, and the pond by means of the dam, have been kept and maintained at the same height for a period longer than that of the statute of limitation. Those are facts found by the jury, which relate to and have a bearing upon the material issue of how long the defendant had continuously flowed the land of the plaintiff, if at all, by means of his dam, but they are not conclusive of that issue. . The learned counsel of the appellant contends that they are conclusive of it, and are therefore inconsistent with or contradictory to the answer of the jury to the twenty-ninth question, viz.: "Were the lands of the plaintiff, or any part thereof, continuously flowed or otherwise injured for a period of ten years next prior to this action by reason of the mill dam in question?" In the above view, these findings are consistent, and may well stand together. The jury answered "Yes" to the former questions, and "No" to the last question. In other words, those facts in respect to the dam and pond were proved; and yet the lands had not been flowed ten years by means of the dam and pond, but according to the answer to the second question, the lands had been flowed by that means within ten years, or since July 1, 1879. This question is but a repetition of the same one in *Smith v. Russ*, 17 Wis. 227, and *Sabine v. Johnson*, 35 Wis. 185, and other cases in this court, and has been long settled.

We have seen that there is no inconsistency in the fact that the dam and pond had been maintained of the same height for over ten years before the action, and the fact that the lands of the plaintiff had not been flowed for that period; but, to place the question beyond all doubt or cavil, the findings of the jury explain themselves by the fact that

the methods and machinery by which the defendant made use of the water may have been changed so as to cause the flowage. But that is not all. The court instructed the jury, on these questions, that they might take into consideration the fact that the stream above the dam and below the lands had been gradually filling up with dirt and vegetation caused by the dam, and which would not have existed without it. Therefore, although the dam and pond had not been raised in height, they caused these gradual accumulations and obstructions in the stream, which in time, and within the last ten years, caused the waters of the pond to set back on the lands of the plaintiff.

This really disposes of the material questions in the case. The findings of the jury are troublesome and confusing, to say the least. The questions to the jury should have embraced only the plain, distinct, and material issuable facts. The findings in relation to the height of the dam or pond are immaterial, and should have been disposed of on demurrer.

The learned counsel of the appellant contends, further, that the twenty-ninth question, as to the time the lands had been flowed, should have had the following qualification: " Except when prevented by casualty, leakage, evaporation, and use of the water for the mill." The court very clearly and fully charged the jury to consider these exceptions in answering said question, and explained that they would not break the continuity of the time. It was a question of law for the court. In the same way the second question was explained, and the jury were charged that they must except " great and unusual freshets." The controverted question of fact was submitted, and the evidence and exceptions to be considered by the jury in answering it were explained. That was sufficient. *Pratt v. Peck*, 65 Wis. 463. We must presume that the jury considered these exceptions, in answering the twenty-ninth question, according to the instructions of the court.

The material questions and answers which constitute the special verdict appear to be sustained by the evidence, and warranted the judgment. As in most cases of this sort, the evidence was conflicting, and the issues are peculiarly within the province of the jury, and their verdict upon the facts ought not to be disturbed unless it is against a clear preponderance of the evidence. The charge of the court was very clear, full, and explicit, and we think substantially correct, and not liable to the exceptions taken. The testimony in relation to the height of the water in the stream before the present dam was built, the effect upon other lands in the vicinity, and the record title showing the lawful height of the dam, objected to by the appellant's counsel and admitted, had a bearing upon the questions at issue. A very wide range of examination and inquiry is necessary in such a case, depending upon so many facts and circumstances of personal observation, history, situation, and measurement.

We do not think that any of the material exceptions are sustained.

*By the Court.*— The judgment of the circuit court is affirmed.