DEUSTER, Respondent, vs. MITTAG, Appellant.
SAME, Appellant, vs. SAME, Respondent.

105   459
105   641

*January 10 — February 2, 1900.*

*Landlord and tenant: Agreement to repair: Waiver: Pleading: Appeal.*

1. Where defendant verbally agreed to pay an increased rent of the premises he occupied in consideration of certain repairs to be made by plaintiff, and the agreement was fully breached at the end of the first year, voluntarily continuing to pay increased rent waived the obligation of the plaintiff thereafter to make repairs, and created, as a matter of law, contract relations between the parties in accordance with their conduct; and damages for the breach of the contract to repair should be confined to the time during which rent was paid on the faith of such agreement.

2. Under sec. 2829, Stats. 1898, providing that no error or defect shall be cause for reversal, where the substantial rights of the adverse party are not affected, a judgment based on a defense of waiver, established by evidence admitted without objection, will not be reversed, although such defense was not pleaded.

3. Where conflicting evidence is susceptible of a reasonable inference that extra rent was paid in consideration of promised repairs, and not voluntarily or on a demand, in violation of the agreement to repair, complied with without objection, the finding of the jury and trial court in accordance with such inference must stand as a verity in the case.

APPEALS from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed on both appeals.*

Action to recover rent on a lease of land with a stable thereon in the city of Milwaukee. The complaint states, in effect, that, defendant being a tenant under plaintiff from year to year of the leased premises, it was agreed that the annual rental of $1,100 should be advanced to $1,200 at the commencement of the ensuing year, January 1, 1892; that defendant commenced paying rent at the new rate in accordance therewith and continued to so pay without objection till September, 1896, when he refused to pay more than

$91.66 per month, and for the rest of the year to pay at all; that the tenancy was terminated December 31, 1896; and that the defendant is indebted to the plaintiff in the sum of $308.34.

The answer denies that the rental was changed from $1,100 to $1,200 per year except on condition that plaintiff would rebuild the barn, which he neglected to do. For a counterclaim it was alleged, in effect, that about January, 1892, plaintiff agreed to lease the premises to defendant for five years and rebuild the barn, and that in consideration of such improvement defendant agreed to pay $100 in addition to the regular rent of $1,100 per year; that he paid the increased rent commencing January 1, 1892, on the faith of the agreement to rebuild the barn, till $467.66 was paid in excess of the rental for the premises in their unimproved condition; that plaintiff neglected to comply with his agreement to improve the barn, whereby the defendant was damaged in the sum of $500, for which sum judgment was claimed with costs. That part of the answer containing the counterclaim was duly replied to.

There was evidence to the effect that from January, 1892, to September, 1896, defendant paid, without objection, rent at $100 per month; that he paid $91.66 for September, 1896, and occupied the premises for three months thereafter refusing to pay any rent, claiming that he had overpaid $8.34 per month from January 1, 1892, by reason of plaintiff's default as aforesaid. The evidence tended to show that about January, 1892, plaintiff and defendant made the agreement claimed by the latter, the former to make the improvement in accordance with certain plans and specifications procured by the latter as soon as practicable; that defendant, immediately after the making of such agreement and relying thereon, commenced paying rent at the increased rate; that he repeatedly thereafter requested plaintiff to make the improvement, but that he neglected and refused to comply

therewith; nevertheless, that defendant continued to pay rent at the increased rate for the period of fifty-six months.

The jury found specifically, in substance, as follows: (1) Plaintiff and defendant agreed to terminate the lease September 1, 1896, but defendant did not give up possession of the property in accordance therewith. (2) In January, 1892, plaintiff agreed to rebuild the barn, and defendant agreed to continue as tenant of plaintiff on the faith of such promise, and to pay $100 additional rent per year for five years. (3) Defendant paid $466.66 on the agreement to rebuild the barn, and did not waive his right to the benefit of such agreement. (4) Plaintiff is entitled to recover on his cause of action. (5) Defendant is entitled to recover on his cause of action.

The court changed the finding of damages on the counterclaim to $100 and rendered judgment for plaintiff for the amount claimed in the complaint less $100. Both parties appealed.

For the plaintiff there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.* They contended, *inter alia,* that defendant's payments, being voluntary, cannot be recovered. *Van Buren v. Downing,* 41 Wis. 122; *Noyes v. State,* 46 Wis. 250; *Sanger v. Mellon,* 51 Wis. 560; *Custin v. Viroqua,* 67 Wis. 314.

*Chas. J. Faber,* for the defendant.

MARSHALL, J. On defendant's appeal the main question raised is, Did the trial court rightly decide that defendant waived the obligation of plaintiff to remodel the barn, so that it did not affect the relations between the parties after the expiration of 1892? That must be answered in the affirmative. Looking at defendant's evidence in the most favorable light it will reasonably bear, the improvement was to be made as early as practicable during 1892. The sworn answer of defendant is to that effect. Therefore, the agree-

ment was fully breached by plaintiff at the end of the first year. No reason appears by the evidence why defendant could reasonably have expected, thereafter, that plaintiff considered such agreement binding or intended to recognize it. The lease of the barn was verbal. Defendant's continuance in possession thereof after the expiration of 1892, knowing that plaintiff expected rent therefor at the rate of $100 per month, implied a promise to pay it, and payment thereof, as demanded from time to time, without objection, executed such implied contract with knowledge of all the facts, and irrevocably settled the whole matter between the parties.

It is suggested that, whether there was a waiver of the right to the improvement, was a jury question, and the court erroneously set aside the verdict in regard to it. The evidentiary circumstances all pointed to the fact of waiver. They were all undisputed. There were no conflicting inferences that could have been drawn from the undisputed evidence that defendant entered upon the second year with knowledge that plaintiff expected rent at the rate of $100 per month and voluntarily paid rent at that rate without objection. That created, as a matter of law, contract relations between the parties in accordance with their conduct, as before indicated. That was what the trial court held, and it necessarily resulted in confining the counterclaim for damages for breach of the contract to remodel the barn, to the period during which rent was paid on the faith of it, which did not, on the evidence, extend beyond January, 1893.

It is suggested that the defense of waiver was not pleaded to the counterclaim, therefore that plaintiff was not entitled to the benefit of it, if the fact existed. The conclusive answer to that is that evidence admitted without objection, in fact the evidence of defendant himself, established the waiver, and therefore if the reply was not broad enough to present the question for adjudication, it might have been

amended by the trial court on motion of the plaintiff on the trial or after judgment; or the court, on its own motion, might have amended the pleading so as to have made the same conform to the facts proved. *Flanders v. Cottrell*, 36 Wis. 564; *Bell v. Thomas*, 61 Wis. 267; *Murray v. Scribner*, 74 Wis. 602. The rule on appeal, in such a situation, where there is no doubt but that the judgment is supported by the evidence, is to consider what ought to or might have been done as done, or to make the proper amendment in the appellate court, treating the neglect to shape the pleadings in the trial court so as to in form support the judgment as of no prejudicial significance. *Gill v. Rice*, 13 Wis. 549; *Forcy v. Leonard*, 63 Wis. 353; *Hubbard v. Haley*, 96 Wis. 578; *Packard v. Kinzie Ave. H. Co., ante*, p. 323. That practice is general in appellate courts, but here it is not governed by mere judicial sanction. It is enjoined upon the court by statute (sec. 2829, Stats. 1898), to the effect that the court shall, in every pleading or proceeding, disregard every error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and that no judgment shall be reversed by reason of such error or defect.

The foregoing disposes of the material questions presented by the defendant adversely to him, and requires an affirmance of the judgment on his appeal.

On plaintiff's appeal it is claimed that the evidence shows that the full amount of $100 per month was voluntarily paid from the start, and that defendant either agreed that the rent should be at that rate and paid in accordance therewith, or that such rent was demanded in violation of the agreement to improve the barn, and the demand was complied with without objection, either being fatal to the entire counterclaim. *Clarke v. Dutcher*, 9 Cow. 674. True, there is evidence tending to sustain both of such theories, and either would be fatal, as suggested. At the same time the evidence is susceptible of a reasonable inference that the contract was

to the effect that the extra $100 should be paid in consideration of the agreement to rebuild the barn, and that it was paid the first year on the faith of such agreement, and, as a matter of convenience, in monthly instalments, with the rent-charge for the property in its unimproved condition. The jury took that view, and the trial court as well. We are unable to say, it clearly appears that such view is contrary to every reasonable inference that can be drawn from the evidence, hence it must stand as a verity in the case. *Powell v. Ashland I. & S. Co.* 98 Wis. 35; *Dewey v. C., M. & St. P. R. Co.* 99 Wis. 456.

The result of the foregoing is that defendant was entitled to recover damages suffered by him during the time he occupied the property under the breached agreement to rebuild the barn, that is, for the year 1892. The sum of $100 was paid upon the agreement to make the improvement. The consideration for such agreement wholly failed. Damages at least equal to the amount of the excess payment were suffered by defendant. The damages were so limited by the trial court. The record appears to be free from error on both appeals.

*By the Court.*— The judgment of the superior court is affirmed on both appeals.