RULE, Appellant, vs. J. L. GATES LAND COMPANY, Respondent.

*March 25—April 19, 1904.*

*Contracts: Fraud: Issues: Pleading: Amendment to conform to facts proved: Appeal.*

The issues, upon the pleadings, were whether defendant's agents made a certain agreement with plaintiff, and whether they had authority to bind defendant thereby. The court found that they made the agreement, but that they were induced to do so by plaintiff's false statements. It rendered judgment for defendant without passing upon the question of the agent's authority. The finding of fraud was amply sustained by the evidence, which was introduced on both sides without objection. *Held,* on appeal, that this court will, in support of the judgment, consider the pleadings as having been amended to conform to the facts proved.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This is an action to recover agent's commission upon the sale of real estate. The complaint alleged, in effect, that the defendant is a corporation engaged in the business of selling lands, and that the firm of Manning & Sabin are and have been its agents at Ladysmith, Wisconsin, with authority to sell land for the defendant and to employ subagents to sell land for the defendant; that in August, 1902, the plaintiff induced two persons named Grunow and Gruber to go with him to Dakota and northern Wisconsin with a view to purchase land from other companies, and that in course of the trip they came to Ladysmith August 13, 1902, and while there the firm of Manning & Sabin, learning that the plaintiff had with him two prospective purchasers of land, orally agreed, on behalf of the defendant, with the plaintiff that if the plaintiff would give them (Manning & Sabin) the names of said prospective purchasers, and leave them at Ladysmith, and cease trying to sell to them the lands of others, and re-

turn home, the defendant would pay the plaintiff ten per cent. of the purchase price of any lands which Grunow and Gruber might purchase of the defendant. The complaint further alleges full performance of this agreement on the plaintiff's part, and that Grunow and Gruber thereafter purchased from the defendant 440 acres of land at $10 per acre, and paid for the same, whereby $440 became due the plaintiff under said agreement.

The answer admits that Manning & Sabin were the defendant's agents at Ladysmith, but denies that they had authority to appoint subagents, and further denies that the plaintiff brought Grunow and Gruber to Ladysmith, but alleges that they came of their own motion and bought said 440 acres of land, and that plaintiff had nothing whatever to do with such sale, but did everything in his power to induce the purchasers to buy other land. The answer further denies at length the agreement set forth in the complaint, and denies that the defendant ever ratified the same.

The action was tried before the court, the jury being waived, and the court found the facts to be as follows:

"1. That in the early part of August, 1902, the plaintiff induced one Herman Grunow and one Charles Gruber, of Mifflin, Iowa county, Wisconsin, to go with him to Shell Lake, Wisconsin, to look at some lands belonging to the Central Minnesota Land Company, of which the plaintiff was the agent. The plaintiff purchased round-trip tickets from Dodgeville·to Shell Lake and return, and under the agreement that, if the said Grunow and Gruber purchased lands from said Central Minnesota Land Company, the amount of the tickets was to be deducted from the purchase price of such lands, but that, if they did not purchase lands from that company, they were to refund to the plaintiff the amount that he paid for said tickets.

"2. That the plaintiff showed the said Grunow and Gruber some lands belonging to the Central Minnesota Land Company in the vicinity of Shell Lake. That they were not satisfied to purchase, and did not purchase, any of said lands.

That the said Grunow and Gruber had, before they left Mifflin, received from an agent of the defendant certain advertising matter in reference to the lands of the defendant, situated near Ladysmith. That the said Grunow and Gruber informed the plaintiff at and near Shell Lake that they were going down to Ladysmith to look at some lands belonging to the defendant, and accordingly they went to Ladysmith on their own account to look at such lands. They rode from Shell Lake to Cameron Junction in this state upon the said tickets which the plaintiff had purchased, but that they (the said Grunow and Gruber) paid their own fare from Cameron Junction to Ladysmith. That the plaintiff accompanied said Grunow and Gruber from Shell Lake to Ladysmith on his own account and without any request from the said Grunow and Gruber. That they all arrived at Ladysmith in the night and put up at the hotel. That the next morning, early, the said Grunow and Gruber, of their and on their own account, went to the office of the defendant in Ladysmith. That the same was not open at that hour, and that they returned to the hotel. Later in the day they went to the office of the defendant on their own account, and subsequently purchased 440 acres of land from the defendant at $10 an acre, amounting in the whole to $4,400.

"3. That the plaintiff informed W. S. Manning, one of the persons in charge of the office of the defendant at Ladysmith, and one of the agents of the defendant for the sale of its land, that he had brought the said Herman Grunow and Charles Gruber there for the purpose of buying lands, and that, relying on such statement, the said Manning then agreed to pay plaintiff ten per cent. on all lands that the persons that he brought there purchased from the defendant, where the price was less than $10 an acre, and $1 per acre where the price was more than $10 per acre.

"4. That the said statement so made by plaintiff to said Manning, that he had brought said Grunow and Gruber to Ladysmith for the purpose of buying land, was not in fact true. On the contrary, they went to Ladysmith to see about buying lands in consequence of having received the said advertising matter of the defendant, as aforesaid, before they left Mifflin. That in fact the defendant had nothing to do in inducing the said Grunow and Gruber to buy said lands, or

with the sale of said lands by defendant to said Grunow and Gruber. That they did not purchase said lands through any efforts of the plaintiff, and that plaintiff did nothing to bring about such purchase. That the plaintiff afterwards demanded from the said Grunow and Gruber the amount he had paid for the tickets aforesaid, and thereupon the said Grunow and Gruber repaid him such sum before the commencement of this action."

Upon these facts the court dismissed the complaint, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Fiedler & Fiedler,* attorneys, and *Aldro Jenks,* of counsel, and for the respondent on that of *Spensley & McIlhon.*

WINSLOW, J.  The issues presented by the pleadings in the case were, in substance: (1) Whether Manning & Sabin made the agreement with the plaintiff alleged in the complaint; and (2) whether they had any authority to bind the defendant by such an agreement. The court found that the agreement was made by Manning & Sabin, but that it was induced . by a false representation of fact made by the plaintiff, and hence that plaintiff was not entitled to recover thereon, and rendered judgment for the defendant without passing upon the question of the authority of Manning & Sabin to bind the defendant by such agreement. The plaintiff truly says that the pleadings did not present the issue of fraud in the making of the agreement, and he argues that the judgment should be reversed because the real issues in the case have not been disposed of.

The findings of the court are amply sustained by the evidence, and there can be no doubt that, if the plaintiff represented that he had brought the prospective purchasers to Ladysmith for the purpose of buying land, when in fact he had nothing to do with their coming, and the contract to pay him ten per cent. of the price of all lands which they bought of defendant was made in reliance on the truth of such state-

ment, then the contract is vitiated by the materially false
statement or representation on which it was based. While
this issue was not clearly presented by the pleadings, all the
testimony *pro* and *con* was introduced without objection. The
issue seems to have been fully tried by the parties, and all
the evidence possible on the subject introduced. It would
doubtless have been entirely competent for the court to have
made the proper amendment to the pleadings so as to conform
to the facts proved. In such case, upon appeal, this court
will consider that to have been done which ought or properly
might have been done below, if it be necessary to support the
judgment. *Deuster v. Mittag,* 105 Wis. 459, 81 N. W. 643.

*By the Court.*—Judgment affirmed.